

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

,1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

April 22, 1986

Honorable Carl A. Parker
Chairman
Education Committee
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas    78711

Opinion No. JM-481

Re: Scope of section 13.909 of the Education Code, which grants public school teachers the right to a 30-minute lunch period free of all duties and responsibilities

Dear Senator Parker:

You request our interpretation of section 13.909 of the Education Code, which provides:

> (a) Except as provided by Subsection (c) of this section, each teacher actively engaged in the instruction and supervision of students in public schools is entitled to at least a 30-minute lunch period free from all duties and responsibilities connected with the instruction and supervision of students. Each school district may set flexible or rotating schedules for each classroom teacher in the district for the implementation of the duty-free lunch period.

> (b) The implementation of this section may not result in a lengthened school day.

> (c) If necessary because of a personnel shortage, extreme economic conditions, or an unavoidable or unforeseen circumstance, a school district may require a teacher entitled to a duty-free lunch to supervise students during lunch. A teacher may not be required to supervise students under this subsection more than one day in any school week. The State Board of Education by rule shall prescribe guidelines for determining what constitutes a personnel shortage, extreme economic conditions, or an unavoidable or unforeseen circumstance for purposes of this subsection.

p. 2201

You ask the following questions:

> 1. May the school principal require teachers to remain in the school cafeteria during this statutory 30-minute period, or may teachers spend this period in other school building locations, e.g., classrooms, workrooms, teachers' lounges?

> 2. May teachers be required by school authorities to remain on campus or school property during the 30-minute statutory period?

We conclude that section 13.909 would not permit either of the restrictions you inquire about.

In addition to House Bill No. 505, which became section 13.909, the Sixty-ninth Legislature considered several bills that provided for a duty-free lunch break for teachers. H.B. No. 511; S.B. No. 220; S.B. No. 520. The legislative history of all those bills shows that the purpose of a mandatory lunch break for teachers was to give teachers time away from students and a chance to relax over lunch. See Tape of Senate Education Committee Meeting, February 20, 1985, regarding S.B. No. 220 and S.B. No. 520; Tape of House Public Education Committee Meeting, April 30, 1985, regarding H.B. No. 505 and H.B. No. 511.

Therefore, it would undermine the purpose of section 13.909 if teachers were required to spend their lunch "break" in the cafeteria with students except under extreme circumstances as authorized in subsection (c). Thus, teachers may not be required to spend their 30-minute duty-free lunch break in the cafeteria.

In regard to your second question, we conclude that the language of section 13.909 does not permit a rule requiring teachers to remain on school property during their lunch break. If the legislature had intended nothing more than to give teachers a break from the physical presence of students, it could have simply provided that teachers had to have an opportunity to eat lunch outside the physical presence of students. However, the legislature mandated a "lunch period free from all duties and responsibilities connected with the instruction and supervision of students." Educ. Code §13.909(a). The legislature also described the break as "duty-free." Id. §13.909(a), (c). An obligation to stay on school property would itself be a "duty," and any reason a school could give for making such a requirement would necessarily be "connected with" the instruction and supervision of students. Therefore, teachers may not be required to spend their 30-minute duty-free lunch break on school property. Cf. Educ. Code §13.902 (teacher planning and preparation time).

## S U M M A R Y

Section 13.909 of the Education Code, which provides for a duty-free lunch break for teachers, does not permit a rule requiring teachers to spend the break in the cafeteria. Nor does it permit a rule requiring teachers to spend the break on school property.

Very truly yours

JIM   MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General